IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARQUISE ANTONIO LAMPKIN, §
    Petitioner, §
 §
v. § Civil Action No. 4:20-CV-1353-O
 §
BOBBY LUMPKIN, Director, TDCJ-CID, §
    Respondent. §

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Marquise Antonio Lampkin, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Bobby Lumpkin, director of that division, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

## I. BACKGROUND

On February 4, 2020, pursuant to a plea agreement, Petitioner pleaded guilty in Tarrant County, Texas, Case No. 1607071D, to aggravated robbery with a deadly weapon and was sentenced to ten years' confinement. SHR[1] 5, 54–59, ECF No. 10-2. Petitioner did not appeal his conviction but did challenge his conviction in a state habeas-corpus application, which was denied by the Texas Court of Criminal Appeals without a hearing or written order on the findings of the trial court and its own independent review of the record. *Id.* at 11–28; Action Taken, ECF No. 10-1.

On the same date and in the same state court, Petitioner also pleaded guilty pursuant to a plea agreement to a second aggravated robbery with a deadly weapon in Case No. 1607058D and was sentenced to ten years' confinement. SHR 45, ECF No. 10-2. Petitioner does not specifically refer

---

[1]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-91,615-01.

to his conviction in Case No. 1607058D and apparently does not challenge that conviction in this petition. Pet. 1, ECF No. 1.

## II. ISSUES

Petitioner raises the following grounds for relief:

(1) his right to due process was violated because he was not granted Chapter 64 DNA testing;
(2) his confinement is illegal because his conviction violates double jeopardy;
(3) he was denied his right of equal protection;
(4) the state violated *Brady* by failing to disclose evidence; and
(5) he received ineffective assistance of counsel.

Pet. 5, 7–8, 10, 18–23, ECF No. 1.[2]

## III. RULE 5 STATEMENT

Respondent believes that the petition is neither barred by the statute of limitations nor the successive-petition bar, however he does believe that Petitioner's fifth ground is unexhausted and procedurally barred. Resp't's Answer 3–4, ECF No. 8.

## IV. EXHAUSTION

State prisoners seeking federal habeas-corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when both the factual as well as the legal substance of the federal habeas claim has been presented to the highest court of the state, in this case the Texas Court of Criminal Appeals, in a procedurally proper manner on direct appeal or in state post-conviction proceedings. *O'Sullivan v. Boerckel,* 526 U.S. 838, 842–48 (1999); *Fisher,* 169 F.3d at 302; *Carter v. Estelle,* 677 F.2d 427, 443 (5th Cir. 1982).

---

[2]Because Petitioner's ineffective-assistance claim is appended to his form petition, the pagination in the ECF header is used.

Under his fifth ground, Petitioner claims he received ineffective assistance of counsel in various respects, however there was no corresponding claim raised in his state habeas application. Therefore, the claim raised for the first time in this federal petition is unexhausted for purposes of federal habeas review. *See* 28 U.S.C. § 2254(b)(1)(A). Under the Texas abuse-of-the-writ doctrine, however, Petitioner cannot now return to state court for purposes of exhausting the claim. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)–(c) (West, Westlaw through legislation effective May 19, 2021, of the 2021 Legis. Sess.). The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson,* 127 F.3d 409, 423 (5th Cir. 1997).

A petitioner may overcome a procedural bar by demonstrating cause for the default and actual prejudice or by demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice—*i.e.,* that he is actually innocent of the offense for which he was convicted. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). To make a showing of actual innocence, a petitioner must produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins,* 569 U.S. 383, 386 (2013) (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)). Petitioner provides no explanation for his failure to exhaust the claim in state court and makes no showing of actual innocence.

A petitioner may also overcome a procedural bar by presenting a "substantial" claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *See Martinez v. Ryan,* 566 U.S. 1, 18 (2012); *Trevino v. Thaler,* 569 U.S. 413, 417 (2013). Petitioner, who was unrepresented in his state habeas proceeding,

asserts that counsel was ineffective by failing to

> (1) seek out and interview potential witnesses;
> (2) cross-examine witnesses, call witnesses, introduce available evidence, and raise the defenses of alibi and misidentification in the grand jury proceedings;
> (3) have a firm command of the facts and relevant law;
> (4) file a motion to suppress evidence;
> (5) conduct an independent investigation of the case; and
> (6) sloughing off in his case.

Pet. 18–23, ECF No. 1.

It is well-established federal law that a knowing, intelligent, and voluntary guilty plea waives all nonjurisdictional defects in the proceedings preceding the plea, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983); *Bradbury v. Wainwright,* 658 F.2d 1083, 1087 (5th Cir. 1981). A guilty plea is knowing, intelligent, and voluntary if done with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, intelligent, and voluntary it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).

Although there is no reporter's record of the plea proceeding before the Court, the documentary record reflects that Petitioner entered his guilty plea in open court and was advised by counsel and the trial court of his rights, waivers, and the full range of punishment for the offense and that they were satisfied that his plea was entered intelligently, freely and voluntarily. SHR 58–59, ECF No. 10-2. Petitioner executed the written plea admonishments in which he acknowledged that he understood the written plea admonishments, that he was aware of the consequences of his plea, that his plea was knowingly, freely, and voluntarily entered, that no one threatened, coerced, forced, persuaded or promised him anything in exchange for his plea, that he was "totally satisfied" with the

representation received from counsel and that counsel provided "fully effective and competent representation," and he judicially confessed to committing the offense as charged in the indictment. *Id.* at 57–58. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977); *Kelley v. Alabama,* 636 F.2d 1082, 1084 (5th Cir. 1981). Such representations by a defendant during plea proceedings "carry a strong presumption of verity." *Blackledge,* 431 U.S. at 74. The record supports a presumption of regularity of the state-court records and that Petitioner's guilty plea was, in fact, knowingly, intelligently, and voluntarily made and met minimum constitutional requirements. *Brady,* 397 U.S. at 748; *Boykin v. Alabama,* 395 U.S. 238, 242–43 (1970).

Therefore, his claims involving alleged omissions of counsel preceding his guilty plea, are waived. It necessarily follows that Petitioner cannot establish a substantial ineffective-assistance-of-trial-counsel claim to overcome the procedural bar. Ground five is therefore unexhausted and procedurally barred from the Court's review.

## V. STANDARD OF REVIEW

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100–01 (2011); 28 U.S.C. § 2254(d)(1)–(2). Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct.

It is the petitioner's burden to rebut the presumption of correctness through clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI. DISCUSSION

### A. DNA Testing

Under his first ground, Petitioner claims that he was denied due process because he was denied DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. Pet. 5, ECF No. 1. Although it is unclear, in his state habeas application, Petitioner seems to fault the state for failing to order post-conviction DNA testing of a gun because no fingerprints were found on the weapon. SHR 16–17, ECF No. 10-2. The state habeas court, however, found that the claim was not cognizable on state habeas review. *Id.* at 67. Furthermore, Chapter 64 requires that the convicted person move for testing and meet certain statutory requirements. *See* TEX. CODE CRIM. PROC. ANN. art. 64.01 (West, Westlaw current through legislation effective June 4, 2021, of the 87th Legis. Sess.). *See also id.* art. 64.03(a).[3] Nothing in the record suggests that Petitioner moved for testing, that Petitioner could meet the statutory requirements for obtaining post-conviction DNA testing, or

---

[3]Article 64.03(a) provides:

(a) convicting court may order forensic DNA testing under this chapter only if:
(1) the court finds that:
(A) the evidence:
(i) still exists and is in a condition making DNA testing possible; and
(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;
(B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and
(C) identity was or is an issue in the case; and
(2) the convicted person establishes by a preponderance of the evidence that:
(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

*Id.* art. 64.03(a)(1)–(2).

otherwise that Petitioner's rights were violated by the process available under Chapter 64. Petitioner is not entitled to relief under ground one.

**B. Waiver**

Under grounds two and four, Petitioner claims that his conviction violates the Double Jeopardy Clause and that the state violated *Brady* by failing to disclose evidence. Pet. 7, 10, ECF No. 1.

As to ground two, Petitioner complained in his state habeas application that he was punished twice for the same offense. SHR 18–19, ECF no. 10-2. The Double Jeopardy Clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165 (1977). However, a guilty plea waives a double-jeopardy claim unless either the knowing and voluntary nature of the plea is challenged or the double-jeopardy violation is discernible on the face of the indictment or record. *See Taylor v. Whitley,* 933 F.2d 325, 327–28 (5th Cir. 1991).

Petitioner does not challenge the knowing and voluntary nature of his guilty plea on this basis, nor is a double-jeopardy violation discernible on the face of the indictment or record. As found by the state habeas court:

> 5. [Petitioner] pled guilty in two cases to two offenses of aggravated robbery with deadly weapon.
>
> 6. The two offenses were alleged to have occurred on two different days and against two different victims.
>
> 7. There is no evidence that [Petitioner] was prosecuted, or punished, twice for the same offense.

SHR 65, ECF No. 10-2 (record citations omitted). Consequently, ground two is waived as a result of Petitioner's guilty plea.

As to ground four, Petitioner complained in his state habeas application that the state violated *Brady* by failing to disclose favorable evidence "regarding DNA profile laboratory forensic DNA testing." SHR 22, ECF No. 10-2. "To establish a *Brady* violation, the defendant must prove that (1) the prosecution suppressed evidence, (2) it was favorable to the defendant, and (3) it was material." *United States v. Brown,* 650 F.3d 581, 587–88 (5th Cir. 2011). Although Fifth Circuit precedent holds that a guilty plea waives a *Brady* claim, the Fifth Circuit has suggested that a nondisclosure coupled with some misconduct by the state prior to the plea may render a plea involuntary. *See United States v. Hopper,* 2019 WL 12021558, at *2 (5th Cir. Jan. 7, 2019). *See also United States v. Conroy,* 567 F.3d 174, 178–79 (5th Cir. 2009) (citing cases holding that a guilty plea waives the right to claim a *Brady* violation). Although Petitioner made a fleeting reference to being "put under duress of a involuntary plea" on this basis, the state habeas court found no evidence that DNA testing was conducted in his case or that the state failed to disclose evidence, and the record is devoid of any evidence of misconduct on part of the state. SHR 66–67, 10-2. Consequently, ground four is also waived as a result of Petitioner's guilty plea.

**C. Equal Protection**

Lastly, under his third ground, Petitioner claims that his confinement is illegal because he was denied his right to equal protection. Pet. 8, ECF No. 1. To state a claim for an equal-protection violation, a petitioner must prove that similarly situated individuals were treated differently. *See Hines v. Qillivan,* 982 F.3d 266, 272 (5th Cir. 2020).

In his state habeas application, Petitioner's equal-protection claim is nonsensical. He

complained of the jury charge; a confrontation-clause violation; and an improper sentencing phase. He also complained that he does not fit the "skill set" necessary to have committed the offense. SHR 20–21, ECF No. 10-2. However, there was no jury trial. Petitioner pleaded guilty to the offense, having expressly waived his rights to a jury trial (on guilt/innocence and sentencing), to challenge the sufficiency of the evidence, and to confront and cross-examine witnesses. *Id.* at 57. Accordingly, Petitioner is not entitled to relief under his third ground.

## VII.  CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 24th day of June, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE